UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00008-TBR

CITY OF MURRAY, KENTUCKY                                                   PLAINTIFF

v.

ROBERTSON INCORPORATED BRIDGE
& GRADING DIVISION, *et al.*                                               DEFENDANTS

**Memorandum Opinion and Order**

This matter is before the Court upon a motion by Defendant Robertson Incorporated Bridge & Grading Division (Robertson) for leave to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a). [DN 16 at 1.] Plaintiff City of Murray has responded, stating it does not oppose Robertson's motion as long as its third-party complaint does not destroy this Court's subject-matter jurisdiction. *See* [DN 17.] For the following reasons, Robertson's motion [DN 16] is GRANTED.

This case arises from a construction project the City of Murray hired Robertson to undertake in 2015. *See* [DN 1.] Alleging some of the work was defective, the City brought this diversity suit against Robertson and its surety, Federal Insurance Company. Robertson is a Missouri corporation with its principal place of business in that state, and Federal Insurance Company is an Indiana corporation with New Jersey headquarters. [*Id.* at 1-2.] Robertson now seeks leave to file a third-party complaint against GRW Engineers, Inc. (GRW), the project engineer, and Dale Bearden Construction Company, Inc. (Bearden), a

subcontractor. *See* [DN 16-1.] Both proposed third-party defendants are Kentucky corporations. [*Id.* at 2.] Robertson claims that GRW and Bearden must indemnify Robertson if Robertson is found to be liable to the City. [*Id.* at 4-5, 7-8.] Robertson also asserts negligence and breach of contract claims against GRW and Bearden. [*Id.* at 5-7.]

Federal Rule of Civil Procedure 14(a) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Upon review of Robertson's proposed third-party complaint, and without objection by the City, the Court is satisfied that Robertson's proposed complaint satisfies the requirements of Rule 14(a). *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (Rule 14 joinder permitted when third-party defendant's liability to third-party plaintiff derives from third-party plaintiff's liability, if any, to plaintiff). Further, while "[t]hird-party claims by defendants for contribution against a third-party under [Rule] 14(a) generally do not require an independent jurisdictional basis," *Grimes v. Mazda N. Am. Ops.*, 355 F.3d 566, 572 (6th Cir. 2004), here the Court appears to possess subject-matter jurisdiction over Robertson's claims against GRW and Bearden on the basis of diversity, 28 U.S.C. § 1332. As the case currently stands, no claim in this action is being asserted against a non-diverse party. This Court may properly entertain Robertson's third-party complaint.

## Order

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendant Robertson Incorporated Bridge & Grading Division's motion for leave to file a third-party complaint [DN 16] is GRANTED. The Clerk is directed to FILE Robertson's proposed third-party complaint and its exhibits [DN 16-1; DN 16-2; DN 16-3] as of the date of this Order and issue summons.

CC: Counsel of Record