UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-cv-8-TBR

CITY OF MURRAY, KENTUCKY,     PLAINTIFF

v.

ROBERTSON INC. BRIDGE
AND GRADING DIVISION, et. al.,     DEFENDANTS & THIRD PARTY PLAINTIFFS

v.

GRW ENGINEERS, INC., et. al.,     THIRD PARTY DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on two motions. First, Third Party Plaintiffs Robertson, Inc. Bridge & Grading Division and Federal Insurance Company, ("Robertson"), have filed a Motion for Leave to Amend Complaint. [DN 29.] Third Party Defendant GRW Engineers, Inc. ("GRW") has responded, [DN 30], and Robertson has replied. [DN 32.] Second, GRW has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 23.] Robertson has responded, [DN 27], and GRW has replied. [DN 28.] These matters are fully briefed and ripe for adjudication. For the following reasons, Robertson's Motion is **GRANTED** and GRW's Motion is **DENIED WITH LEAVE TO REFILE.**

**I. BACKGROUND**

This case arises from a construction project undertaken by Robertson, for which it entered into a contract with the City of Murray, the Plaintiff in this case. [DN 1, at 3.] The City of Murray claims that Robertson performed this contract in a defective manner with respect to the construction of a concrete wet well, which was part of the project. [*Id.*] The City of Murray filed suit thereafter. Subsequent to the commencement of this lawsuit, Robertson filed a Third

1

Party Complaint against Third Party Defendant GRW. [DN 19.] The Third Party Complaint alleges a breach of contract claim, a negligence claim, and an indemnity claim. Robertson now wishes to amend its Third Party Complaint in order to add a claim of negligent misrepresentation. [DN 29, at 3.] GRW has filed a Motion to Dismiss all of Robertson's claims against it. [DN 23.]

## II. ANALYSIS

### A. Robertson's Motion for Leave to Amend Complaint

#### i. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, where that time has passed, Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the Federal Rules encourage a liberal construction of Rule 15, it may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003).

#### ii. Discussion

The proposed amended complaint tendered to the Court with Robertson's instant Motion incorporates by reference its original Third Party Complaint against GRW, and merely adds one

additional claim: negligent misrepresentation. [DN 29, at 3.] Specifically, Robertson alleges that both Robertson and GRW "were engaged in a business relationship in which both parties had a pecuniary interest," that there was "false information" supplied by GRW to Robertson, upon which Robertson relied, regarding GRW's alleged failure to identify deviations from the contract by Robertson with respect to its construction project. [*Id.*] Moreover, Robertson alleges that GRW's failure to "exercise reasonable care and competence when it did not issue a proper report to" Robertson caused Robertson pecuniary loss. [*Id.*]

At the outset, it is important to note that this would be Robertson's first amended complaint. No issues have been brought to the Court's attention regarding any alleged bad faith or dilatory motive on Robertson's part, nor does GRW claim in its Response to the instant Motion that undue prejudice would result if the Court grants Robertson leave to file its proposed amended complaint. Rather, GRW's principal assertion is that of futility. [DN 30, at 5.] To that end, GRW uses its previously-filed Motion to Dismiss for failure to state a claim upon which relief can be granted, [DN 23], as support for its contention that all claims by Robertson against it should be dismissed with prejudice. In GRW's view, the terms of the contract Robertson had with the City of Murray, coupled with the terms of GRW's contract with the city, absolve GRW of any duty with respect to Robertson's alleged defective work on the concrete wet well.

Because all of Robertson's claims remain pending, along with the fact that the Court finds no bad faith and no potential undue prejudice to GRW by allowing Robertson to amend its complaint at this stage in the litigation, the Court will grant the Motion. Rule 15, by its very terms, demands that leave to amend be freely given "when justice so requires." Here, the Court is persuaded that permitting Robertson to file its proposed amended complaint is appropriate under the circumstances.

## B. GRW's Motion to Dismiss

### i. Legal Standard

"A motion under Rule 12(b)(6) tests the sufficiency of the plaintiff's claim for relief." *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001). It requires the Court "to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). However, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such a case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

### ii. Discussion

GRW's principal piece of evidence presented in support of its Motion to Dismiss is the contract between GRW and the City of Murray, and that contract is attached to GRW's Motion as Exhibit 1. Setting aside the merits of GRW's contentions that this contract absolves it of any liability, Robertson does not explicitly reference the contract between GRW and the City of Murray in its Third Party Complaint. A thorough examination of that document reveals that there are only two contracts expressly referenced in the Third Party Complaint: the subcontract between Robertson and Dale Bearden Construction Company, Inc., and the contract between Robertson and the City of Murray. This contract between Robertson and the City of Murray is referred to in the Third Party Complaint as "the Contract," and while Robertson alleges that GRW breached its contractual duties, it is with respect to those duties "contained in the Contract." [DN 19, at 6.] Further, in Counts V and VI of the Third Party Complaint, which allege

negligence and a claim for indemnity, respectively, all references to contractual issues are with respect to "the Contract." [*Id.* at 7-8.] And though Robertson does refer to itself as "a third party beneficiary," it again uses the previously-designated term: "the Contract." [*Id.* at 6.]

Although GRW contends that "Robertson references the City's contract with GRW in its Third-Party Complaint," [DN 23-1, at 1], the Court finds no explicit discussion of that contract. Rather, Robertson discusses at length *its* contract with the City of Murray and GRW's supposed duties under *that* contract, but does not actually reach the issue of GRW's contract with the City of Murray. This means that, if the Court were to consider GRW's Motion at this time, it would necessarily be converted into a motion for summary judgment, as it introduces matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). However, in light of the Court granting Robertson's Motion for Leave to Amend Complaint, the Court will deny GRW's Motion at this time, with leave to refile it at a later date, either as a motion to dismiss under Rule 12(b)(6), or as a motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Robertson's Motion for Leave to Amend Complaint, [DN 29], is **GRANTED.** GRW's Motion to Dismiss, [DN 23], is **DENIED WITH LEAVE TO REFILE.** The clerk is directed to file the Amended Third Party Complaint, [DN 29-1], as of the date of entry of this Order.

**IT IS SO ORDERED.**

cc: Counsel of Record