UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-cv-8-TBR

CITY OF MURRAY, KENTUCKY,                                    PLAINTIFF

v.

ROBERTSON INC. BRIDGE
AND GRADING DIVISION, et. al.,          DEFENDANTS & THIRD PARTY PLAINTIFFS

v.

GRW ENGINEERS, INC., et. al.,                    THIRD PARTY DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This case comes before the Court upon two motions by Third Party Defendant GRW Engineers, Inc. ("GRW"). First, GRW has filed a motion to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 41.] Third Party Plaintiff Robertson Inc. Bridge & Grading Division ("Robertson") has responded. [DN 42.] GRW has replied. [DN 43.] Second, GRW has filed a motion for a pretrial conference. [DN 44.] These matters are ripe for adjudication. For the following reasons, GRW's Motion to Dismiss [DN 41] is **GRANTED,** and GRW's Motion for a Pretrial Conference [DN 44] is **DISMISSED AS MOOT.**

## I. Background

This case arises out of a municipal project undertaken in Murray, Kentucky. The City of Murray, the Plaintiff in this case, contracted with Robertson in 2015 "to construct the East Fork Clark's River Pump Station Improvements and Force Main (the "Project"), which is owned by the City [of Murray.]" [DN 1-1, at 3.] Part of the Project consisted of the construction of a "concrete wet well" by Robertson. [*Id.*] According to Robertson's Third-Party Complaint, Robertson subcontracted with Dale Bearden Construction Company, Inc., ("Bearden"), "to

1

perform various items of work…includ[ing] but not limited to performance of the work in the construction of a concrete wet well….” [DN 19, at 2.]

In relation to the Project, the City of Murray also entered into a contract with GRW, an engineering firm, which obligated GRW to provide “design phase services, including preparing the designs for the wastewater systems improvements, and…construction phase services, including ‘resident project representation.’” [DN 41-1, at 4.] According to GRW, “resident project representation” is completed by “resident project representatives,” who “visit the various construction sites on behalf of the City, observe the contractor’s work, and periodically report to the City as to the progress of said work and its general compliance with the project’s design. [*Id.*]

After the City of Murray filed suit against Robertson in January 2017, Robertson filed a Third-Party Complaint against both Bearden and GRW. [*See id.*] With respect to GRW, Robertson has brought four claims relating to the wet well construction issue: (1) breach of contract, (2) negligence, (3) indemnity, and (4) negligent misrepresentation. [*See id. See also* DN 40.] Attached to Robertson’s initial Third-Party Complaint is the contract into which it entered with the City of Murray. And in its Amended Third-Party Complaint, which incorporated in its entirety the original Third-Party Complaint, Robertson makes reference to GRW’s contract with the City of Murray. [DN 40, at 2.] The Court uses these documents in reaching its disposition.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 8(a)(2), pleadings, including complaints, must contain a “short and plain statement of the claim showing that the pleader is entitled to relief.” As such, a complaint may be attacked for failure “to state a claim upon which relief can be granted” under Rule 12(b)(6). When examining a motion to dismiss under Rule 12(b)(6), the Court must presume that all the factual allegations in the complaint are true and will draw all

reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "The court need not, however, accepted unwarranted factual inferences," *id.*, nor must it "accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Also, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto…and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Further, although a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Rather, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). The complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Plausibility attaches "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, if the court cannot infer from the well-pleaded facts "more than the mere *possibility* of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 679. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

### III. Discussion

### a. Breach of Contract Claim

Robertson's first claim against GRW is for breach of contract. The record indicates that there was no contractual document binding these two parties to each other, and that the only three contracts relevant here are (1) the contract between the City of Murray and Robertson; (2) the contract between the City of Murray and GRW; and (3) the contract between Robertson and Bearden. As there was, and remains, no contract between Robertson and GRW, Robertson necessarily brings this claim under the theory that it was a third party beneficiary to GRW's contract with the City of Murray. [*See* DN 19, at 6-7.] "Privity of contract is the relationship between parties to a contract, allowing them to sue each other but preventing a third party from doing so." *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004) (internal quotation marks omitted). This means that in the usual case, "the obligations arising out of a contract are due only to those with whom it is made; a contract cannot be enforced by a person who is not a party to it or in privity with it, except…[among other circumstances,] by a third-party beneficiary." *Id.* The question then becomes *who* a third-party beneficiary is, what subcategory they fall into, and what rights they may enforce. "Only a third-party who was intended by the parties to benefit from the contract, namely, a donee or a creditor beneficiary, has standing to sue on a contract; an incidental beneficiary does not acquire such right." *Id.*

"One is a donee beneficiary if the purpose of the promisee in buying the promise is to make a gift to the beneficiary. A person is a creditor beneficiary if the promisee's expressed intent is that the third party is to receive the performance of the contract in satisfaction of any actual or supposed duty or liability of the promisee to the beneficiary." *Sexton v. Taylor Cnty.*, 692 S.W.2d 808, 810 (Ky. Ct. App. 1985). Further, "[i]n order to be either a donee or creditor beneficiary, it must be proven that the contract in question was made for the actual and direct

benefit of the third party." *Id.* Here, Robertson claims status as a creditor beneficiary to the contract between GRW and the City of Murray. [DN 42, at 3-4.]

GRW cites to this Court's 1993 decision in *Blair v. General Motors Corp.*, 838 F. Supp. 1196, 1200 (W.D. Ky. 1993) in support of its contention that the contract between GRW and the City of Murray, by its very terms, precludes third-party beneficiary status for Robertson. In *Blair*, this Court stated that the agreement at issue in the case "specifically provides that third parties have no rights under the contract and that the agreement is not a third party beneficiary contract. Any interpretation of the…Agreement must give weight to this statement." *Id.* Thus, "[a]bsent any proposal by Plaintiff that it could present any evidence that a contract was entered for its direct and primary benefit, the language of the agreement will control, and Plaintiff accordingly may not claim the authority to enforce that contract." *Id.* (citing *Simpson v. JOC Coal, Inc.*, 677 S.W.2d 305, 307 (Ky. 1984), and *United States v. Allstate Ins. Co.*, 754 F.2d 662, 664-65 (6th Cir. 1985)). This, coupled with the express terms of the contract between GRW and the City of Murray, controls this Court's decision today.

GRW's contract with the City of Murray contains the following provision:

> OWNER and ENGINEER each binds himself and his partners, successors, executors, administrators and assigns to the other party of this AGREEMENT and to the partners, successors, executors, administrators and assigns of such other party, in respect of all covenants of this AGREEMENT; except as above, neither OWNER nor ENGINEER shall assign, sublet or transfer his interest in this AGREEMENT without the written consent of the other. Nothing herein shall be construed as creating any personal liability on the part of any officer or agent of any public body which may be a party hereto, **nor shall it be construed as giving any rights or benefits hereunder to anyone other than OWNER and ENGINEER**

[DN 23-2, at ¶ 6.4.] The bolded language makes clear the intentions of both GRW and the City of Murray to preclude potential third-party beneficiaries from any contractual issues arising from their agreement.

The Court is satisfied that Robertson's Complaint does not "raise a right to relief above the speculative level," as demanded by *Twombly*, 550 U.S. at 555. And any degree of plausibility of recovery for Robertson on its theory of being a creditor third-party beneficiary under the contract between GRW and the City of Murray dissolves when the Court considers GRW's contract with the City of Murray, as it is permitted to do in this case. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that, in considering a Rule 12(b)(6) motion, the Court "may consider the Complaint and…exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). The GRW-City of Murray contract's terms, even when taking all of Robertson's allegations in its Complaint as true, preclude any chance of recovery on this theory. As such, this claim must be dismissed.

### b. Negligence Claim

Robertson's second claim against GRW is for common law negligence. "In order to state a cause of action based on negligence, a plaintiff must establish a duty on [part of] the defendant, a breach of the duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 437 (Ky. Ct. App. 2001). "The existence of a duty is a question of law for the court, while breach and injury are questions of fact for the jury." *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. Ct. App. 2009) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003)). GRW contends that, by the very terms of Robertson's contract with the City of Murray, GRW possessed no legal duty to Robertson with respect to the construction of the wet wells and, as such, cannot be held liable to Robertson for negligence on this issue as a matter law. [DN 41-1, at 9-10.] The Court agrees.

Pursuant to Robertson's contract with the City of Murray,

> Neither ENGINEER's [GRW] authority or responsibility under this Article 9 or under any other provision of the Contract Documents nor any decision made by ENGINEER in good faith either to exercise or not exercise such authority or responsibility or the undertaking, exercise, or performance of any authority or responsibility by ENGINEER shall create, impose, or give rise to any duty in contract, tort, or otherwise owed by ENGINEER to CONTRACTOR [Robertson]….

[DN 23-3, at ¶ 9.10A.] The contract between Robertson and the City of Murray goes on to provide that "ENGINEER will not be responsible for the acts or omissions of CONTRACTOR or of any Subcontractor, any Supplier, or of any other individual or entity performing any of the Work." [*Id.* at ¶ 9.10C.] From this language, it appears clear to the Court that, even taking all of Robertson's allegations in its Complaint as true, it has failed to state a claim upon which relief can be granted, because the contract to which it agreed relieves GRW of any legal duty to it on this issue, thus precluding any viable negligence claim. [*See* DN 41-1, at 9-10.]

### c. Indemnity Claim

Robertson's third claim against GRW is for indemnity. "The right to indemnity is of common law origin and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). As explained by the Kentucky Supreme Court in *Degener*, "[t]he cases in which recovery over is permitted in favor of one who has been compelled to respond to the party injured are exceptions to the general rule, and are based upon principles of equity." *Id.* Specifically, "[s]uch exceptions obtain in two classes of cases: (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment," and "(2) where both parties have been in fault but not in the same fault, towards

the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." *Id.*

By the language of Robertson's Complaint, incorporated in its entirety into its Amended Complaint, Robertson pleads the second variation of indemnity here: "in the alternative, if the jury or the court determines that the work performed by Robertson…is defective and/or does not comply with the Project plans and specifications, then pursuant to a common law theory of indemnity, GRW…is obligated to indemnify Robertson…. [DN 19, at 8.] By pleading under the second variation of indemnity, Robertson must plead that GRW was (a) at least partially at fault towards the City of Murray, and (b) GRW was the "primary and efficient cause of the injury" sustained by the City of Murray. *See Degener*, 27 S.W.3d at 780.

As an initial matter, GRW has raised the issue that, because Robertson did not address its indemnity claim, or otherwise argue contrarily to the instant Motion with respect to this issue, Robertson has now abandoned its indemnity claim, and the Court should dismiss it. In support of this argument, GRW cites to two cases: *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368 (6th Cir. 2013), and *Hicks v. Concorde Career College*, 449 F. App'x 484 (6th Cir. 2011). However these, and other cases from the Sixth Circuit, deal almost exclusively with motions for summary judgment and not motions to dismiss pursuant to Rule 12(b)(6). Irrespective of this fact, the Court holds that the contracts at issue in this case require dismissal of this claim, and so the Court need not reach the issue of abandonment.

The above-quoted language from Robertson's contract with the City of Murray, which states, among other things, that GRW's authority and/or responsibility shall not "create, impose, or give rise to any duty in contract, tort, or otherwise owed by ENGINEER to CONTRACTOR," [DN 23-3, at ¶ 9.10A], guides the Court's disposition. This language clearly precludes any

attempts by Robertson to claim indemnity from GRW arising out of the allegedly defective concrete wet well construction, as does further contractual language to which Robertson agreed: "ENGINEER will not be responsible for the acts or omissions of [Robertson] or of any Subcontractor, any Supplier, or of any other individual or entity performing any of the work." [*Id.* at ¶ 9.10C.] Because the contractual language is preclusive, Robertson's Third-Party Complaint fails to state a claim upon which relief can be granted with respect to its indemnity claim, and it must be dismissed.

### d. Negligent Misrepresentation Claim

Robertson's fourth claim is for negligent misrepresentation. This tort provides that:

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Presnell*, 134 S.W.3d at 580. Robertson alleges that GRW "supplied false information to Robertson…when it failed to [properly] monitor and thus failed to disclose information pertaining to the alleged deviation from the project's plans. [DN 40, at 2.]

As with Robertson's negligence claim, its negligent misrepresentation claim must also be dismissed, pursuant to the relevant contract language which precludes any recovery in tort by Robertson from GRW. [*See* DN 23-3, at ¶ 9.10A, explaining that GRW's authority and/or responsibility shall not "create, impose, or give rise to any duty in contract, tort, or otherwise owed by ENGINEER to CONTRACTOR."] Additionally, Robertson agreed that

> ENGINEER will not supervise, direct, control, or have authority over or be responsible for CONTRACTOR'S means, methods, techniques, sequences, or procedures of construction, or the safety precautions and programs incident thereto, or for any failure of the CONTRACTOR to comply with Laws and Regulations applicable to the performance of the work. ENGINEER will not be

responsible for CONTRACTOR'S failure to perform the Work in accordance with the Contract Documents.

[*Id.* at ¶ 9.10B] From this, it is clear that Robertson fails to state a claim. It alleges that GRW "failed to properly monitor [Robertson's work] and thus failed to disclose information pertaining to the alleged deviation from the project's plans." [DN 40, at 1-2.] Robertson further alleges that it relied on GRW "to monitor the project's progress and report any potential discrepancies or potential faults with the work," and that GRW "failed to exercise reasonable care and competence when it did not issue a proper report to Plaintiff." [*Id.* at 2.] Even taking all of this as true, as is required under Rule 12(b)(6), Robertson has not stated a claim upon which relief can be granted. The contract language absolves GRW of any legal duty to Robertson, or to Bearden with respect to the wet well construction. The contract language also expressly states that GRW has no authority or responsibility over Robertson or Robertson's work, nor does GRW possess any responsibility regarding Robertson's finished product and any defects relating thereto. [*See* DN 23-3.] As such, this claim must be dismissed.

## IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** that GRW's Motion to Dismiss all claims against it under Rule 12(b)(6), [DN 41], is **GRANTED**, and all of Robertson's claims against GRW are **DISMISSED.** GRW's Motion for a Pretrial Conference [DN 44] is **DISMISSED AS MOOT.**

The Clerk is directed to remove GRW as a party to this case. There being no just cause for delay, this is a final and appealable order.

**IT IS SO ORDERED.**

cc: Counsel of record