UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00008-TBR

**CITY OF MURRAY, KENTUCKY**                                                              **PLAINTIFF**

**VS.**

**ROBERTSON INCORPORATED BRIDGE
AND GRADING DIVISION; AND
FEDERAL INSURANCE COMPANY**          **DEFENDANTS/THIRD-PARY PLAINTIFFS**

**VS.**

**DALE BEARDEN CONSTRUCTION
COMPANY, INC.**                                                         **THIRD-PARTY DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Defendants/Third-Party Plaintiffs, Robertson Incorporated Bridge & Grading Division and Federal Insurance Company ("Defendants"), have moved the Court for leave to file a third party complaint against Bacon Farmer Workman Engineering & Testing, Inc., pursuant to Fed. R. Civ. P. 14(a) (DN 62). Plaintiff, the City of Murray, Kentucky, has filed an objection (DN 66), and the time for filing a reply has expired. For the reasons set forth below, the motion is denied.

### NATURE OF THE MOTION

By way of background, the Plaintiff filed this case in January of 2017. Plaintiff contracted with Robertson for improvements to certain real property and the construction of a

pump station and force main facility in Calloway County, Kentucky (DN 1 at ¶ 7). According to the Plaintiff, Robertson constructed a concrete wet well that was not in keeping with the project's agreed plans and specifications (Id. at ¶ 11). Now, in its third party complaint, Defendants argue that Bacon Farmer was the company tasked with inspecting Robertson's steel and concrete work, that Bacon Farmer opined the work was acceptable, and as a result Bacon Farmer is liable to the Defendants in the event Defendants are found liable to the city of Murray (DN 62-2 at PageID # 1115-17).

Notably, Defendants' motion (DN 62) contains no explanation or justification for why the Court should allow them to name a third-party defendant more than four months after the time expired to do so without showing cause (DN 13). Instead, it simply contains a complaint against Bacon Farmer. In its objection, Plaintiff demonstrates that the dispute upon which Defendants base their third-party complaint is not new, and in fact Defendants were aware of the issue as much as two years ago (DN 66 at PageID # 1134). Plaintiff has highlighted email correspondence which were produced to the Plaintiff on September 8, 2017 that include an email from Robertson's project manager, Bob Persons, to Robertson's local counsel, Doug Kennedy. In this email, Persons states the need to include Bacon Farmer in the action because Bacon Farmer performed the rebar inspection (Id.; DN 66-1 at PageID # 1143). The date of this email is March 30, 2016 (Id.). Defendants have filed no reply countering Plaintiff's narrative or offering additional information.

## DISCUSSION

F. R. Civ. P. 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files

the third-party complaint more than 14 days after serving its original answer." "The decision of whether to grant a motion for leave to implead is a matter committed to the discretion of the district court, and the exercise of discretion is essentially a process of balancing the prejudices." Asher v. Unarco Material Handling, Inc., No. 6:06–548–DCR, 2007 WL 3046064, at *4 (E.D. Ky. Oct. 16, 2007). "Competing interests include the avoiding of duplicative litigation versus ensuring that parties already before the court receive expeditious adjudication." Id. (cleaned up). The Sixth Circuit has stated that the promptness of a motion for leave to implead a third-party is "an urgent factor" guiding a court's exercise of discretion. Gen. Elec. Co. v. Irvin, 274 F.2d 175, 178 (6th Cir.1960). Other factors include: (i) the motion's timeliness; (ii) the likelihood of trial delay; (iii) potential for complication of issues; and (iv) prejudice to the original plaintiff. Botkin v. Tokio Marine & Nichido Fire Ins. Co ., Ltd., 956 F.Supp.2d 795, 802 (E.D.Ky.2013)

Where, as here, the motion for leave to add a third party is filed after time has expired in the scheduling order for amending pleadings, a court should also be mindful of Rule 16(b)(4)'s good cause standard, as the motion effectively seeks leave both to add a third-party defendant and to amend the defendant's pleadings. Woodcock v. Ky. Dept. of Corr., No. 5:12-CV-00135-GNS-LKK, 2016 WL 3676768, at *1 (W.D. Ky., July 6, 2016) (citation omitted). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." Id.

In this case, Defendants have not even attempted to demonstrate good cause. Their motion to add a third-party is merely a statement that they are seeking leave under Rule 14. When the Plaintiff objected, Defendants maintained their silence. However, the undersigned

notes that the Plaintiff has offered a more than sufficient showing that Defendants have failed to demonstrate any promptness in filing this motion, which is the touchstone of a court's inquiry under Rule 14. Irvin, 274 F.2d at 178. The email from Bob Persons demonstrates counsel was put on notice of Bacon Farmer's potential involvement over two years ago. Additionally, impleading a third-party at this point would create the need for additional discovery. Given the nature of the Plaintiff's complaint, there is a strong interest against creating additional delays in this action. The Persons email also precludes Defendants from satisfying Rule 16(b)(4)'s good cause standard. The Court concludes there is no excuse for failing to file this motion before the October deadline set forth in the scheduling order (DN 13), and Defendants have plainly not been diligent in pursuing this particular cause of action.

ORDER

**IT IS HEREBY ORDERED** that Defendants' motion (DN 62) is **DENIED**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

April 2, 2018

Copies to:   Counsel of Record